<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
ALESIO POLITI,                                         :
                                                              :     Civil Action No.  05-431 (AET)
               Petitioner,               :
                                                              :
        v.                                            :     **OPINION**
                                                              :
DR. R. DAVID PARRISH, et al.,         :
                                                              :
               Respondents.           :
_____:

THOMPSON, U.S.D.J.

      Petitioner Alesio Politi, a prisoner currently confined at River Front State Prison, Camden, New Jersey, has submitted a <u>pro se</u> petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254, in which he asserts that he was denied effective assistance of counsel, and raises several grounds for relief.  The State Respondent filed an Answer opposing the Petition, accompanied by the record of the state court proceedings.  Petitioner filed a Traverse in response to the Answer.  For the reasons stated herein, the Court will dismiss the Petition and will also decline to issue a certificate of appealability.

I. <u>BACKGROUND</u>

      After a jury trial in Superior Court, Law Division, Monmouth County, Petitioner was convicted on one count of second degree aggravated arson in violation of N.J. Stat. Ann. § 2C:17-1(a)(3).  Petitioner appealed his conviction to the Superior Court, Appellate Division, which granted his motion to file his notice of appeal <u>nunc pro tunc</u> on January 16, 1996.  On

December 20, 1996, Petitioner moved for temporary remand in order to file a petition for post conviction relief ("PCR") due to ineffective assistance of counsel. The Appellate Division denied this motion, and Petitioner moved for reconsideration or, in the alternative, an order to dismiss the appeal so Petitioner could seek PCR. On March 31, 1997, the Appellate Division granted Petitioner's alternate request and dismissed the appeal. On October 3, 1997, Petitioner filed a petition for PCR with the trial court. Following an evidentiary hearing, the trial court denied PCR by letter dated February 8, 1999, and denied Petitioner's motion for reconsideration on May 7, 1999. Petitioner filed a second petition for PCR to compel disclosure of certain discovery; after a hearing, this petition was denied on October 10, 2000.

Petitioner appealed the denial of his PCR petitions to the Appellate Division, which affirmed the trial court decisions on May 6, 2004. On June 3, 2004, Petitioner sought certification from the New Jersey Supreme Court for an appeal; the Supreme Court denied certification on September 21, 2004. This Petition followed.

Petitioner maintains that he has exhausted his state law remedies in compliance with 28 U.S.C. § 2254(b)(1)(A). Respondent asserts that Petitioner failed to exhaust the claims that his counsel mishandled his appeal and failed to move for reduction in sentence.

## II. 28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 provides, in pertinent part that, with respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [Supreme Court] precedent." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an "unreasonable application" of federal law "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407. To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable. Id. at 410.

### III.  ANALYSIS

Petitioner sets out four grounds for his claim of ineffective assistance of counsel. In the first ground, Petitioner alleges that his attorney made numerous errors in Petitioner's arson trial. In the second, he alleges that his attorney mishandled his appeal. In the third, he alleges prosecutorial misconduct, i.e., "Brady" violations, see Brady v. Maryland, 373 U.S. 83 (1963). Finally, he alleges that no motion was ever filed to challenge his sentence as excessive.

3

With respect to the first and third grounds, which were the subjects of Petitioner's direct appeal and petitions for PCR, Respondents argue that Petitioner has not established that he is entitled to relief, and, further, that the claims are without merit.  With respect to the second and fourth grounds, Respondents argue that these claims were not exhausted in the state courts.

A.   Ineffective Assistance of Counsel at Trial

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must first demonstrate that his attorney's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  Second, he must show that the deficient performance prejudiced the defense, i.e., that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the trial would have been different.  Id. at 693-94.

In the first ground, Petitioner alleges that his trial attorney's performance was constitutionally deficient because he failed to (1) present expert witnesses for the defense; (2) object to testimony about Petitioner's arrest on an unrelated charge, and further failed to request a limiting jury instruction regarding it; (3) request an instruction on the credibility of Petitioner's statement to an investigator; (4) challenge the prosecution expert witnesses; and (5) object to the prosecutor's summation.  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied on as having produced a just result."  Id. at 686.  Here, Petitioner "second

guesses" his counsel's performance but does not demonstrate how the alleged deficiencies fell below any objective minimum standard of conduct.[1]

Even if the Court accepts that defense counsel's actions were objectively unreasonable, Petitioner has not shown how he would have been prejudiced by the alleged shortcomings, especially in light of the evidence presented at trial. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment . . . if the error had no effect on the judgment." Id. at 691. Put differently, even if a better, more comprehensive defense would have improved Petitioner's odds at trial, "[i]t is not enough for the [Petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. Rather, the error must be "sufficiently serious to warrant setting aside the outcome of the proceeding." Id. No such error is apparent.

B.      Exhaustion of State Remedies

The Respondent argues that Petitioner's second and fourth grounds are unexhausted, and, therefore, may not be considered by this Court. State prisoners asserting a violation of their constitutional rights must first "present their arguments to the state courts before they will be addressed by the federal courts." Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996); see also

---

[1] Petitioner makes numerous references to the fact that his trial attorney, Martin Morrison, was referred for investigation by the Office of Attorney Ethics for allegations of attorney misconduct in connection with his representation of Petitioner. (Resp't Ex. 3 at DA-39.) The allegations resulted in a complaint for misconduct against Attorney Morrison. Dist. VII Ethics Comm. v. Martin Morrison, No. VII-96-05E (N.J. filed June 12, 1997). While the Court is mindful of the allegations, the Court notes that the specific allegations giving rise to the complaint do not appear to stem from Petitioner's arson trial, nor has Petitioner demonstrated that he was denied effective assistance of counsel due to Attorney Morrison's neglect in other matters. The Court further notes that the allegations raised in the ethics complaint were not raised in the PCR proceedings or the appeal to the Appellate Division as grounds for a claim of ineffective assistance of counsel.

Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied 532 U.S. 919 (2001) (stating that "[i]t is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus . . . unless the petitioner has first exhausted the remedies available in the state courts"). Section 2254 provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Additionally, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

A writ of habeas corpus is "an extraordinary remedy that will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). In order for Petitioner to exhaust his state court remedies, his claims must be presented to the state's highest court. See Burkett, 89 F.3d at 138 (citing Rose v. Lundy, 455 U.S. 509, 515 (1982)). Petitioner bears the burden of demonstrating to the Court that he has exhausted available state court remedies. See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). The Court should dismiss a petition for habeas corpus for failure to exhaust even if it is unlikely "that the state court will consider petitioner's claim on the merits." Banks v. Horn, 126 F.3d 206, 211 (3d Cir. 1997).

The requirement that a state prisoner exhaust state remedies is not merely a formality, but "serves the interest of comity between the state and federal courts." Burkett, 89 F.3d at 138 (citing Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986)). It ensures that the states have "the first opportunity to review federal constitutional challenges to state convictions and

6

preserves the role of state courts in protecting federally guaranteed rights." Ryan v. Caswell, 953 F.2d 853, 857 (3d Cir. 1992) (citations omitted).

With respect to the second ground, Petitioner's argument is a non sequitur–he alleges that he was denied a direct appeal as a result of his attorney's actions (or inactions), but acknowledges (and the record clearly shows) that there was a direct appeal filed, and that Petitioner sought voluntary dismissal of his appeal in order to pursue PCR. Accordingly, the Court finds that Petitioner's contention is without merit. With respect to the fourth ground, that Petitioner's attorney did not seek a reduction of a sentence that Petitioner considered excessive, it is well settled that "sentencing . . . does not involve such a denial of fundamental fairness as to fall within the purview of federal habeas corpus" unless it violates a federal constitutional limitation. Sutton v. Blackwell, 327 F. Supp. 2d 477, 486 (D.N.J. 2004) (quoting Grecco v. O'Lone, 661 F. Supp. 408, 416 (D.N.J. 1987)). Petitioner has not demonstrated that his sentence is grossly disproportionate to one normally imposed for second degree aggravated arson, therefore this claim is not cognizable in federal habeas corpus. See Sutton, 327 F. Supp. 2d at 486.

C.      "Brady" Violations

In his third ground, Petitioner alleges that the prosecution in his arson trial withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). To establish a Brady violation requiring relief, Petitioner must show that (1) the prosecution withheld evidence, either intentionally or inadvertently, (2) the evidence was favorable, either because it was exculpatory or had impeachment value, and (3) it was material. See Lambert v. Blackwell, 387 F.3d 210, 252 (3d Cir. 2004) (citations omitted). Evidence is "material" if there is a reasonable

probability that, had the evidence been disclosed, the result of the proceeding would have been different.  Id. (citing United States v. Bagley, 473 U.S. 667, 682 (1985)).  A reasonable probability of a different result is shown when the suppression "undermines confidence in the outcome of the trial."  Kyles v. Whitley, 514 U.S. 419, 434 (1995) (quoting Bagley, 473 U.S. at 682)).

Petitioner alleges that various investigative reports and materials were withheld from him and his attorney.  However, at a PCR hearing on these allegations, the State argued, and the Superior Court found, that the material sought was (a) provided to Petitioner's trial attorney or (b) not material inasmuch as it dealt with undisputed facts or was not exculpatory.  (Resp't Ex. 31 *passim*.)  While Petitioner characterizes the evidence in great detail, he does not demonstrate that any of the undisclosed evidence was material or exculpatory.  Indeed, the Superior Court's decision with respect to the disputed evidence comports with Supreme Court precedent, therefore federal habeas relief is not warranted.  See Williams, 529 U.S. at 405.

IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal court dismisses a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of a denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

As explained above, the Court has concluded that the Petitioner has not demonstrated that he was denied effective assistance of counsel.  Further, claims that Petitioner was denied effective assistance of counsel arising from the alleged mishandling of the appeal and the failure to challenge the sentence are both unexhausted and not actionable under federal habeas corpus.  Finally, the Court concludes that the Brady issue is without merit.

The Court is persuaded that reasonable jurists would not debate the correctness of these conclusions.  Therefore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and no certificate of appealability will issue.  See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## V.  CONCLUSION

For the reasons set forth above, the Petition is denied.  An appropriate order follows.


      /s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.


DATED: Oct. 20, 2006